UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KATHERINE E. COPPEDGE, a/k/a Katherine E. Rousseau,<br><br>Plaintiff,<br><br>vs.<br><br>LACY NEUENFELDT, in her official capacity as presiding judge in CRST Case No. 24G004; WINONA PRETTY WEASEL, in her official capacity as Clerk of the Cheyenne River Sioux Tribal Court; BRENDA CLAYMORE, in her official capacity as Chief Judge and official responsible for tribal appellate administration; KIMBERLY CRAVEN, in her official capacity as Attorney General of the Cheyenne River Sioux Tribe,<br><br>Defendants. | 3:26-CV-03024-ECS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING SERVICE BY UNITED STATES MARSHAL AND NOTICE OF RULE 4(M) |

Plaintiff Katherine Coppedge filed a pro se lawsuit. Docs. 1, 5. She moves for this Court to order service by the United States Marshals Service (USMS) pursuant to Federal Rule of Civil Procedure 4(c)(3). Doc. 6. Because she is not proceeding in forma pauperis, she is not entitled to service by the USMS. Fed. R. Civ. P. 4(c)(3). But "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Id. Plaintiff alleges that service by the USMS would provide a reliable return of service to reduce possibility of dispute about service and would aid her because she is not a resident of South Dakota. Doc. 6 at 1.

Although Federal Rule of Civil Procedure 4(c)(3) permits a court to order service by the USMS, "[t]he advisory committee notes to Rule 4 of the Federal Rules of Civil Procedure explain that amendments were made to Rule 4 to alleviate the burden on the USMS for serving summonses and complaints in private civil actions." Christians v. Hanvey, No. 4:23-CV-04137-LLP, 2024 WL 5293192, at *2 (D.S.D. Dec. 11, 2024). The court in Christians also noted that "[s]everal courts have denied motions for service by USMS when the plaintiff has not attempted waiver of service or service through alternative means." Id. (collecting cases). "[B]efore requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint." 4A Wright & Miller's Federal Practice & Procedure § 1090 (4th ed. 2026). Plaintiff makes a reasoned argument in support of having the USMS commence service in this case. But the Court is keenly aware of the many burdens placed on the USMS. Further, at this time Plaintiff has not represented to this Court that she has attempted to execute service or obtain waiver of service pursuant to Federal Rule of Civil Procedure 4. Accordingly, Plaintiff's Motion for Order Directing Service by United States Marshal, Doc. 6, is denied at this time. Plaintiff may seek leave later for the USMS to effectuate service should other methods be unsuccessful.

Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff is on notice of this Court's intention to dismiss her Amended Complaint without prejudice if she does not provide proof of proper service upon Defendants by

November 16, 2026. Plaintiff may seek to extend this deadline based on a showing of good cause. If Plaintiff fails to serve Defendants by November 16, 2026, her claims against Defendants will be dismissed without prejudice pursuant to Rule 4(m), unless she can show good cause for her failure to serve Defendants. Accordingly, it is

ORDERED that Plaintiff's Motion for Order Directing Service by United States Marshal, Doc. 6, is denied. It is further

ORDERED that Plaintiff will make proper service of the summons and Amended Complaint upon Defendants and return a certificate of service by November 16, 2026, or her claims against Defendants will be dismissed without prejudice pursuant to Rule 4(m), unless she can show good cause for her failure to serve Defendants.

DATED this 1 day of September, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE