UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KATHERINE E. COPPEDGE, a/k/a Katherine E. Rousseau,<br><br>Plaintiff,<br><br>vs.<br><br>LACY NEUENFELDT, in her official capacity as presiding judge in CRST Case No. 24G004; WINONA PRETTY WEASEL, in her official capacity as Clerk of the Cheyenne River Sioux Tribal Court; BRENDA CLAYMORE, in her official capacity as Chief Judge and official responsible for tribal appellate administration; KIMBERLY CRAVEN, in her official capacity as Attorney General of the Cheyenne River Sioux Tribe,<br><br>Defendants. | 3:26-CV-03024-ECS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S RENEWED MOTION FOR MARSHAL SERVICE |

Plaintiff Katherine Coppedge filed a pro se lawsuit. Docs. 1, 5. She previously requested that this Court order the United States Marshals Service to serve Defendants, which this Court denied because she had not represented that she had attempted to execute service or waiver of service. Doc. 9. This Court also filed a notice of Federal Rule of Civil Procedure 4(m), which informed Coppedge of her obligation to serve Defendants on or before November 16, 2026. Id. Pending before the Court is Coppedge's Renewed Motion for Marshal Service and Extension of Time. Doc. 13.

In Coppedge's motion, she "request[s] discretionary service by the United States Marshals Service under Rule 4(c)(3) for any defendant whose proper service remains

incomplete." Id. at 1. Coppedge filed documentation showing her contact with a process server and challenges the process server had because the location of service is on a reservation. Docs. 14, 15, 15-1. Because it is unclear whether Coppedge's process server effected service on Defendants, this Court finds that it is not appropriate to order service by the United States Marshals Service at this time. Coppedge should obtain clarification from her process server about the status of service before filing a motion for service by the United States Marshals Service.[1] Accordingly, Coppedge's Renewed Motion for Marshal Service, Doc. 13, is denied.

Coppedge also requests that this Court extend her deadline for service until January 15, 2027, based on a showing of good cause or excusable neglect. Doc. 13 at 2. In her motion, she acknowledges that "[t]he November 16, 2026 deadline stated in Document 9 has passed" Id. at 1. Regardless of whether the Court applies the good cause standard of Rule 4(m) or the excusable neglect standard of Rule 6(b)(1)(B) for extending a past deadline, Coppedge has shown that the service deadline should be extended. See Kurka v. Iowa Cnty., 628 F.3d 953, 956–60 (8th Cir. 2010) (explaining the standards for good cause and excusable neglect).

> [G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.

Id. at 957 (alterations in original) (citation omitted). Here, Coppedge has shown good cause for an extension of time for service based on confusion of her process server for service of process in a reservation. Docs. 13, 14, 15, 15-1.

> In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay,

[1] Coppedge also asks this "Court to determine what service and proof remain necessary[.]" Doc. 13 at 2. But this Court will not enter an advisory opinion about the status of her service.

> including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith.

Kurka, 628 F.3d at 959. Coppedge has shown excusable neglect because Defendants are not likely to face prejudice, the length of delay is not extensive, the reason for delay was based on her process server's confusion for service on a reservation, and she acted in good faith to hire a process server and regularly seek updates about the service status. See Docs. 13, 14, 15, 15-1. Accordingly, Coppedge's Extension of Time Motion, Doc. 13, is granted. Plaintiff is on notice that her claims will be dismissed without prejudice pursuant to Rule 4(m) if service is not completed and certificates of service are not returned to the Court by January 15, 2027, unless she can show good cause for her failure to serve Defendants.

Accordingly, it is

ORDERED that Plaintiff's Renewed Motion for Marshal Service, Doc. 13, is denied. It is further

ORDERED that Plaintiff's Motion for Extension, Doc. 13, is granted, and Plaintiff is on notice that her claims will be dismissed without prejudice pursuant to Rule 4(m) if service and completed certificates of service are not returned to the Court by January 15, 2027, unless she can show good cause for her failure to serve Defendants.

DATED this 25th day of November, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE